IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES E. SHELTON, individually and on behalf of all others similarly situated, | Case No. 3:18-cv-01801-JCH |
| Plaintiff, | December 19, 2018 |
| v. | |
| POST UNIVERSITY, INC., | |
| Defendant. | |

**26(F) REPORT OF PARTIES' PLANNING MEETING**

Date Complaint Filed: November 1, 2018

Date Complaint Served: November 6, 2018

Date of Defendant's Appearance: November 28, 2018

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on December 4, 2018 and completed on December 5, 2018. The participants were:

Jon Fougner for plaintiff James E. Shelton

Adam Bowser for defendant Post University, Inc.

I.   Certification

Undersigned counsel (after consultation with their clients) and any undersigned self-represented parties certify that (a) they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case; and (b) they have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

II.   Jurisdiction

1

A. Subject Matter Jurisdiction

This Court has federal-question subject-matter jurisdiction over the case because the claims alleged arise under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. *Mims v. Arrow Financial Services, LLC*, 565 U.S. 368, 372 (2012).

B. Personal Jurisdiction

Personal jurisdiction is not disputed.

III.   Brief Description of Case

A. Claims of Plaintiff/s:

Plaintiff has brought this action under the TCPA, a federal statute enacted in response the proliferation of intrusive, nuisance telemarketing practices. *Mims*, 565 U.S. at 368. Plaintiff alleges that Defendant violated the TCPA by making unsolicited and automated telemarketing calls, including text messages, or by others' doing so on Defendant's behalf. Plaintiff seeks to represent a class of similarly situated individuals who were similarly sent telemarketing calls from, or on behalf of, Defendant. The TCPA has a four-year statute of limitations, 28 U.S.C. § 1658(a); *Giovaniello v. ALM Media, LLC*, 726 F.3d 106, 115 (2d Cir. 2013), and Plaintiff's putative class period starts four years before the filing of the complaint and ends on the first day of trial. Plaintiff seeks the statutory damages—$500 per violation and up to $1,500 per knowing or willful violation—and injunctive relief provided for by 47 U.S.C. § 227(b)(3).

B.   Defenses and Claims (Affirmative Defenses, Counterclaims, Third Party Claims, Cross Claims) (either pled or anticipated) of Defendant/s:

Defendant only contacted plaintiff after receiving his affirmative consent to do so. None of the equipment Defendant utilizes to respond to prospective students and guide them through

the student enrollment process constitutes an ATDS or autodialer under the TCPA. To the extent that plaintiff was in fact called by a third party utilizing prerecorded messages and/or an autodialer, defendant is not vicariously liable for the actions of such unknown third parties. Finally, plaintiff's allegations are so inherently individualized that class certification is not warranted.

      C.      Defenses and Claims of Third Party Defendant/s:

None.

      IV.      Statement of Undisputed Facts

Counsel and self-represented parties certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The following material facts are undisputed:

- After speaking with a Post University admissions counselor (Flavja Mucka) on June 13, 2018, Plaintiff forwarded a follow-up June 13, 2018 email he received from Ms. Mucka to Patti Jennings and Bob Sembiante of Post University on Thursday evening, June 14, 2018. The email speaks for itself, but is generally consistent with Paragraph 57 of the Complaint.

- Plaintiff received a text message from Post University on the morning of Monday, June 18, 2018.

- Later on June 18, 2018, Richard Schechter, Post University's Chief Marketing Officer, acknowledged Plaintiff's June 14, 2018 email and informed plaintiff that "[w]e are looking into your concern and doing some research into the issue you brought forward, and we will get back to you shortly."

- On Thursday, June 21, 2018, Mr. Schechter of Post University emailed plaintiff again, writing "[b]elow you will find the screen shots from an inquiry Post University received in your name. As you can see from the information listed, Post University received your consent to contact you when you completed the inquiry. As you have requested we have marked your record for 'Do Not Call' for any further communications."
- Plaintiff, to the best of his knowledge, has not received another telephone call or text message from Post University since the June 18, 2018 text message.

V.   Case Management Plan

A. Initial Disclosures

Initial disclosures will be served by December 19, 2018.

B. Scheduling Conference

1.   The parties request to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

2.   The parties request that a scheduling conference, if held, be conducted by telephone.

C. Early Settlement Conference

1.   The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice. Settlement may be facilitated by use of the following procedure: private mediation and/or court supervised mediation after production of the calling records and alleged consents and expert analysis thereof.

2.   The Parties do not request an early settlement conference.

    3.      Plaintiff prefers a settlement conference with an outside neutral once a dispositive motion is on file.  Defendant prefers a settlement conference with a magistrate judge.

    4.      The Parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

    D.  Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings

The parties have discussed any perceived defects in the pleadings and have reached the following agreements for resolution of any issues related to the sufficiency of the pleadings.

    1.      Plaintiff(s) should be allowed until February 22, 2019 to file motions to join additional parties and until February 22, 2019 to file motions to amend the pleadings. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules; a showing of good cause for the delay.

    2.      Defendant(s) should be allowed until February 22, 2019 to file motions to join additional parties and until February 22, 2019 to file a response to the complaint, or any amended complaint. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.

    E.  Discovery

    a.      Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case":

Plaintiff's Position: Some of the relevant evidence—especially call logs and server-level ESI—is notoriously evanescent, and thus should be identified and preserved ASAP.

Defendant's Position: Defendant has already taken steps to preserve potentially relevant ESI in its possession and control.

b. The parties anticipate that discovery will be needed on the following subjects: Plaintiff anticipates discovery into Defendant's and/or third-party call data regarding Plaintiff and the class; identification of class members; Defendant's policies and procedures regarding compliance with the TCPA; Defendant's affirmative defenses; Defendant's alleged willfulness regarding TCPA violations; Defendant's document retention policies; identification of witnesses; Defendant's relationship with any third parties that may have relevant information surrounding this matter; ESI concerning traffic to websites whereby Defendant, its agents or affiliates, or third-party marketers collected purported consents to receive telemarketing robocalls. Defendant anticipates discovery into Plaintiff's calls logs; Plaintiff's website browsing history; Plaintiff's Internet capable devices. Both parties anticipate discovery into Plaintiff's conversations with Defendant.

c. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by July 1, 2019 and completed (not propounded) by September 20, 2019.

d. Discovery will not be conducted in phases, but the parties agree to focus initial discovery primarily on people called as a result of leads purportedly acquired by Thruline.

e. [Reserved]

f.  The parties anticipate that the plaintiff(s) will require a total of 7 depositions of fact witnesses and that the defendant(s) will require a total of 5 depositions of fact witnesses. The depositions will commence by July 1, 2019 and be completed by September 20, 2019.

g.  The parties will not request permission to serve more than 25 interrogatories.

h.  Plaintiff intends to call expert witnesses at trial. Defendant does not necessarily intend to call expert witnesses at trial, but reserves the right to do so.

i.  Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the burden of proof by June 20, 2019. Depositions of any such experts will be completed by July 19, 2018.

j.  Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they do not bear the burden of proof by August 16, 2019. Depositions of such experts will be completed by September 20, 2019.

k.  A damages analysis will be provided by any party who has a claim or counterclaim for damages by September 20, 2019.

l.  Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved) and self-represented parties have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and

production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information: the parties will use search terms; exact duplicates of documents (for instance, emails sent to a listserv with thousands of subscribers) need only be produced once; the parties will not seek to quash subpoenas to Thruline or True Dialog.

  m. Undersigned counsel (after consultation with their clients) and self-represented parties have also discussed the location(s), volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms. The parties agree to the following procedures for the preservation, disclosure and management of such information: the parties believe almost all relevant written evidence is ESI but the parties will preserve any relevant non-electronic evidence and, if sufficiently voluminous, meet and confer regarding production.

  n. Undersigned counsel and self-represented parties have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production: inadvertently produced documents shall be subject to the maximum clawback permitted by the FRCP and FRE.

  F. Other Scheduling Issues

The parties propose the following schedule for addressing other issues pertinent to this case: Plaintiff shall file his motion for class certification by June 15, 2019.

  G. Summary Judgment Motions

Summary judgment motions, which must comply with Local Rule 56, will be filed on or before October 25, 2019.

### H.  Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by March 18, 2020.

## VI.  TRIAL READINESS

The case will be ready for trial by May 4, 2020.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Plaintiff

By /s/ Jon Fougner                        Date: 12-19-18

Defendant

By /s/ Michael Cryan                      Date: 12-19-18

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this document through the court's CM/ECF System.

*/s/ Michael S. Cryan*
Michael S. Cryan
